LS Home Services, Inc. v. Blackman Plumbing Supply Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

LS Home Services, Inc., Lone Star Home Heating Inc.,
Assured Mechanical Service Corp., Heatserve Corp.,

*Plaintiffs*,

John LaCertosa,

*Plaintiff-Appellant*,

v.                                                    13-3078

Blackman Plumbing Supply Co., Inc., Richard Blackman,
Islandwide Receivables Inc., Michael Schirano, Paul
Bedford, Steven Sundack, Jon Sundack, Sundack C.P.A.,
P.C., F.D.R.P. Inc., F.V.A., Inc., Conflict Economics, Inc.,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:     John LaCertosa, pro se, Whitestone, NY.

FOR DEFENDANTS-APPELLEES     E. CHRISTOPHER MURRAY, Ruskin Moscou
BLACKMAN PLUMBING SUPPLY     Faltischek, P.C., Uniondale, NY.
CO, INC., RICHARD BLACKMAN
AND MICHAEL SCHIRANO:

FOR DEFENDANTS-APPELLEES     Joseph Thomas Roccanova, Yuen Roccanova
STEVEN SUNDACK, JON SUNDACK     Seltzer & Sverd P.C., New York, NY.
AND SUNDACK C.P.A., P.C.:

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant John LaCertosa, proceeding pro se, appeals from the district court's dismissal of his civil RICO action for lack of standing. LaCertosa also moves to strike portions of appellees' briefs contesting allegations of RICO predicate acts by pro se appellee Paul Bedford. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint for lack of standing." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). For the purposes of such review, we "accept[ ] as true all material allegations in the complaint and constru[e] the complaint in favor of the complaining party." *Fuentes v. Bd. of Educ. of City of N.Y.*, 540 F.3d 145, 148 (2d Cir. 2008).

Upon such review, we conclude that LaCertosa lacks standing substantially for the reasons stated in the district court's thorough memorandum and order. *See LaCertosa v. Blackman Plumbing Supply Co., et al.*, No. 10-cv-1984 (E.D.N.Y. July 12, 2013). LaCertosa's

assertion that he has standing under the special duty exception is forfeited, as he failed to raise it before the district court when given the opportunity to brief the issue of his standing.  *See Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000).  Moreover, we conclude that the special duty exception is inapplicable, as LaCertosa alleges no "injury that is separate and distinct from the injury sustained by the corporation." *Manson v. Stacescu*, 11 F.3d 1127, 1131 (2d Cir. 1993).[1]

Lastly, LaCertosa's motion to strike is denied as moot because we conclude that the district court's dismissal for lack of standing was proper, and we therefore do not need to address whether the complaint adequately alleged RICO predicates.[2]

We have considered all of LaCertosa's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED** and LaCertosa's motion to strike is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] LaCertosa argues that his complaint should be accorded the liberal construction given to pro se pleadings, even though he was represented by counsel when the complaint was filed, because, he asserts, the complaint was actually drafted by himself and his non-lawyer son.  We need not address this contention because we reach the same conclusion even according his complaint such a liberal reading.

[2] We also note that, as the complaint alleges that predicate acts committed by Bedford were in furtherance of an enterprise of which the appellees were a part, it was entirely appropriate for appellees to contest the sufficiency of these allegations in their briefs.

3